**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Eric SCHEIDT, Defendant—
Appellant.**

**No. 10–10003.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 4, 2012.

David L. Gappa, Assistant U.S., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Katherine L. Hart, Law Offices of Katherine L. Hart, Fresno, CA, for Defendant–Appellant.

James Eric Scheidt, pro se.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

James Eric Scheidt appeals from the 324–month sentence imposed following his guilty-plea conviction for receipt or distribution of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Scheidt contends that the district court plainly erred by including, in its calculation of his advisory Sentencing Guidelines range, four points related to distribution of child pornography under U.S.S.G. §§ 2G2.2(b)(1) and 2G2.2(b)(3)(F). We have not yet resolved the issue of whether the use of a file-sharing program, without more, can support the award of distribution points under section 2G2.2(b). Accordingly, any error on the district court's part cannot be deemed to have been plain. *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (no plain error unless error is clear under "current law"); *United States v. Thompson,* 82 F.3d 849, 856 (9th Cir.1996) ("Because of the circuit split, the lack of controlling authority, and the fact that there is at least some room for doubt about the outcome of this issue, we cannot brand the court's failure to exclude the evidence 'plain error.' "). Nonetheless, the government concedes that there was error and that it would have conceded the distribution issue had counsel objected at sentencing. Accordingly, the better course is for us to remand for consideration of this issue in the first instance.

Scheidt also contends that the district court's restitution order should be vacated, as there was no evidence that his crime proximately caused quantifiable losses, or indeed any losses, to the named victims. After the entry of judgment below, we decided *United States v. Kennedy,* 643 F.3d 1251 (9th Cir.2011), which set forth a framework for analyzing mandatory restitution orders under 18 U.S.C. § 2259. On remand, the district court shall revisit its restitution order in light of the framework set forth in *Kennedy.*

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In view of the remand, it is unnecessary to reach Scheidt's remaining contentions.

**VACATED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.